Richabdson, Oh. J.:
I concur in holding that the act of Congress under which this suit is brought is valid under the Constitution, because it was duly approved by the President during a recess of the same Congress in which it was passed by the House of Representatives and the Senate.
I am not prepared to go further and to express an opinion upon the question not involved in the case whether or not the President has a right to approve a bill after the Congress in which it was passed has expired.
■ I am impressed with the view which has prevailed and which, with the single exception of the captured and abandoned property act of March 12, 18C3, has been adopted and followed in practice ever since the foundation of the. Government, that the President for the time being is part of ,the legislative *549 power of each separate Congress, like the Senate, which is a continuing body, and that when a Congress expires by limitation his authority to approve' bills of that Congress is gone.
If it were otherwise, an incoming President might approve bills of a Congress belonging to the official term of his predecessor, with the merits of which he is not expected Jo be familiar, and for the consideration of which he would not have the ten days secured by the Constitution unless it should be held that bills may be presented to the President for approval after the Congress expires, which I apprehend would not be seriously urged by anybody.
I can find no support to this new doctrine, founded on the débris of history, from the captured and abandoned property act of March 12,1863. At the first session of the next succeeding Congress the Committee on the Judiciary of the House of Representatives, through Judge Wilson, its chairman, made a unanimous report against its constitutionality, and the act was adopted and practically reenacted (13 Stat. L., 376) before the right of parties to bring suits had commenced (Tibbett’s Case, 1 Ct. Cls., 169). No case under it was decided by the Supreme Court until more than five years after such reenactment, when the case of Ex parte Zellner (9 Wall., 244) was before it, and the question was no longer an open one. Neither in that case nor in any of the several subsequent cases was the question of the constitutionality of the act argued or raised by counsel nor considered by the court, evidently because of such reenactment.
Davis, J., did not sit in this case and took no part in the decision.